UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| RUSSELL BROTHERS, JR. | ) | |
|---|---|---|
| Movant, | ) | |
| v. | ) | NO. 3:16-cv-00070 |
| | ) | JUDGE CRENSHAW |
| UNITED STATES OF AMERICA | ) | |
| Respondent. | ) | |

## MEMORANDUM

Movant, Russell Brothers, Jr., proceeding *pro se*, has filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. (Doc. No. 1.) The United States has filed a response in opposition to the motion (Doc. No. 19), and Movant has filed a reply. (Doc. No. 33.)

### I. Underlying Proceedings

Movant was previously convicted of a drug trafficking felony in Florida in 1988, and of multiple federal drug trafficking and money laundering felonies in this Court in 1993. United States of America v. Russell Brothers, Jr., No. 3:13-cr-00049 (M.D. Tenn. Oct. 6, 2014) (order accepting plea petition/agreement, PageID #101). (Doc. No. 33.) On March 6, 2013, Movant was indicted on three counts of being a felon in possession of various firearms on three separate dates in April 2012, in violation of 18 U.S.C. §§ 922(g) and 924, and two counts of obstructing justice by interfering with the investigation of his crimes, in violation of 18 U.S.C. § 1512(b)(1). Indictment, Brothers, No. 3:13-cr-00049 (M.D. Tenn. Mar. 6, 2013). (Doc. No. 2.)

Movant faced a statutory maximum possible sentence of 10 years in prison and 3 years of supervised release on each felon-in-possession count, and 20 years in prison and 3 years supervised release on each obstruction count. Brothers, No. 3:13-cr-00049 (M.D. Tenn. Oct. 6, 2014) (order

accepting plea petition/agreement, at PageID #88). (Doc. No. 33.) The Court accepted an agreed petition to plead guilty on October 6, 2014. Id. With respect to the United States Sentencing Guidelines range, the parties agreed that Movant's offense level was 25, and that he fell into Criminal History Category II or III, for a guidelines range of 63 to 87 months. Id. at PageID ##89, 102. The Presentence Investigation Report prepared by the Probation Office indicated that Movant's offense level was 23, and that he fell into Criminal History Category II, with a resulting Guideline range of 51 to 63 months. (Doc. No. 21, at 10, 22). Pursuant to the parties' plea agreement, however, Movant was sentenced to only 15 months in prison. Brothers, No. 3:13-cr-00049 (M.D. Tenn. Jan. 21, 2015) (judgment, at PageID #115). (Doc. No. 37.) Judgment entered on January 21, 2015. Id.

## II. The § 2255 Motion

Movant alleges that he is actually innocent of the offense of being a felon in possession of a firearm, because his civil rights had been restored after his previous convictions. He alleges that the prosecutor was guilty of misconduct for prosecuting Movant on a charge that was unfounded in light of Movant's restoration of rights. He further alleges that his trial counsel was ineffective for failing to contest the faulty indictment, for advising Movant to plead guilty, for failing to contest the sentence, and for failing to perfect a direct appeal based on his legal innocence due to the restoration of his rights.

## III. Standard of Review

To be entitled to relief, a prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed "in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C.

§ 2255(a). To prevail on a § 2255 motion, a movant "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (quoting Griffin v. United States, 330 F.3d 733, 736 (6th Cir. 2003)). Non-constitutional errors are generally outside the scope of § 2255 relief. United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (quoting United States v. Ferguson, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotation marks and additional citation omitted)).

## IV. Whether a Hearing Is Required

A prisoner who files a motion under § 2255 challenging a federal conviction is entitled to "a prompt hearing" at which the district court is to "determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). The hearing is mandatory "unless 'the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Fontaine v. United States, 411 U.S. 213, 215 (1973) (quoting 28 U.S.C. § 2255(b)). Thus, "no hearing is required if the petitioner's allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)).

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that if it plainly appears from the face of the § 2255 motion, exhibits, and prior proceedings that the petitioner is not entitled to relief, the judge shall make an order for its summary dismissal. Upon consideration of the

original motion and supporting memorandum, the government's response and the underlying factual record, the Court finds that there are no evidentiary issues to be resolved in this case and that an evidentiary hearing is not required. The Court will dispose of the motion as the law and justice require. Rule 8(a), Rules Gov'g § 2255 Cases.

## V.     Analysis and Discussion

To establish ineffective assistance of counsel, a movant must show both that (1) counsel's representation fell below an objective standard of reasonableness, and (2) counsel's deficient performance prejudiced the defendant. Strickland v. Washington, 466 U.S. 668, 687-88 (1984). To state a claim for prosecutorial misconduct in bringing particular charges, a movant must show that "the government had undertaken obviously groundless positions in a prosecution or positions intended solely to harass defendants rather than to vindicate the rule of law." U.S. v. Skeddle, 45 F. App'x 443, 446 (6th Cir. 2002). Movant claims in essence that his counsel was ineffective for advising him to plead guilty to a crime of which he was innocent, and that the prosecutor committed misconduct by prosecuting him for a crime of which he was innocent, as a matter of law. Accordingly, Movant is able to prevail on either of these claims only if he succeeds in establishing that the prior restoration of his rights makes him actually innocent of the crime of being a felon in possession of a weapon. That question is "primarily a question of law," see McSwain v. Davis, 287 F. App'x 450, 459 (6th Cir. 2008) (discussing standard of review for claim for equitable tolling based on actual innocence in habeas corpus action), and is the focus of the Court's inquiry.

18 U.S.C. § 922(g) provides in pertinent part that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess any firearm or ammunition. However, 18 U.S.C. § 921(a)(20) provides an exception to

that prohibition in the case of a conviction for which a person has "had civil rights restored . . . unless such . . . restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms." The Sixth Circuit has held that the "civil rights" that must be restored in order for this exception to apply are "the rights to vote, to serve on a jury and to seek and hold public office." Walker v. U.S., 800 F.3d 720, 723 (6th Cir. 2015) (quoting United States v. Cassidy, 889 F.2d 543, 550 (6th Cir. 1990)), cert. denied, 136 S. Ct. 2387 (2016). Movant does not dispute that the prohibition of § 922(g) was triggered by his previous convictions. His position is that he falls into the exception provided by § 921(a)(20) and is therefore innocent of the crime of being a felon in possession, as a matter of law.

On June 29, 2007, after Movant's release from federal prison on his 1993 convictions, a senior U.S. probation officer for this district signed a "Certificate of Restoration" form certifying that Movant's maximum sentence for his federal convictions in case numbers 3:92-00102 and 3:93-00079 had expired and that the Court had not ordered any restitution. (Doc. No. 10, at 8.) Movant has submitted proof that, relying upon his Certificate of Restoration, state officials have permitted him to register and vote in at least eight elections since 2007. (Doc. No. 10, at 12–14.)

The form upon which Movant relies is published by the Tennessee Secretary of State as SS-3041 (Rev. 6/06), Elections Division RDA S836-1. (Doc. No. 10, at 8.) Just under the heading of the document, the form provides that "To be eligible for voter registration, the person must be current in all child support obligations, if any," and at the bottom it states "see reverse for instructions." (Id.) Movant has not filed the entire form, but the Court takes judicial notice that the reverse side of the form, attached hereto as Appendix 1, consists of instructions to the agent completing the form and to "the Applicant Seeking to have His or Her Voting Rights Restored." (App. 1.) See U.S. ex rel. Modglin v. DJO Global, Inc., 48 F.Supp.3d 1362, 1381 (C.D. Cal. 2014)

5

(Fed. R. Evid. 201 allows courts to take judicial notice of "'government documents available from reliable sources on the Internet,' such as websites run by governmental agencies"). The Court further takes judicial notice that the state's current version of SS-3041 (Rev. 6/13), attached hereto as Appendix 2, is expressly captioned "Certificate of Restoration of Voting Rights." (App. 2.)

Movant is understandably confused about the extent to which the Certificate of Restoration restored his civil rights. One provision of Tennessee law provides that persons convicted of "infamous crimes"[1] during the time period relevant to this case "may have full rights of citizenship restored" upon satisfying several conditions, which are those set forth on the Certificate of Restoration form. Tenn. Code Ann. § 40-29-105. However, as of the date that Movant received his Certificate of Restoration, another statute provided that, upon being convicted of an infamous crime and sentenced to prison, a defendant was disqualified from seeking or holding public office in the state "unless and until that person's citizenship rights have been restored by a court of competent jurisdiction." Tenn. Code Ann. § 40-20-114(a) (1979).[2] It is, therefore, the official position of the State of Tennessee that, while obtaining a Certificate of Restoration under § 40-29-105 after serving a prison sentence restores a former prisoner's right to vote, it does not restore his right to seek or hold public office, and therefore does not remove the federal disability imposed by 18 U.S.C. § 922(g). Tenn. Op. Atty. Gen. No. 02-119, at **2–4 (Oct. 24, 2002). In order to be eligible to possess a weapon, at a minimum, "[s]uch felons must present a court order restoring citizenship rights." Id., at *4. Obtaining such a court order is not the perfunctory affair that obtaining a Certificate of Restoration appears to be. A state circuit court petition seeking a restoration order must be supported by "satisfactory proof that ever since the judgment of

---

[1] Tennessee law provides that a defendant is rendered "infamous" upon conviction for any felony. Tenn. Code Ann. § 40-20-112.
[2] Effective July 1, 2007, this statute was amended to remove the limitation to those sentenced to prison, so that it now applies regardless of the sentence imposed. Tenn. Code Ann. § 40-20-114(a) (2007).

disqualification, the petitioner has sustained the character of a person of honesty, respectability and veracity, and is generally esteemed as such by the petitioner's neighbors." Tenn. Code Ann. § 40-29-102.  Before a hearing on the petition, the district attorney of the district in which the petitioner lives and in which he was convicted, and the United States attorney in cases involving federal convictions, must be given 20 days' notice and opportunity to oppose the petition. Tenn. Code Ann. § 40-29-103.

However, even seeking a formal restoration order would not restore Movant's right to possess firearms.  Tennessee law provides that even a circuit court order otherwise restoring all citizenship rights does not restore the right to possess a firearm to a felon, such as Movant, who "[h]as been convicted of a felony drug offense." Tenn. Code Ann. § 39-17-1307(b)(1)(B).  In fact, when the Lawrence County Circuit Court entered a restoration order expressly purporting to restore "the right to keep and bear arms" to a petitioner who was previously convicted of attempt to commit a felony drug crime, the Tennessee Court of Appeals reversed. State v. Ferguson, 106 S.W.3d 665 (Tenn. Ct. App. 2003), appeal denied (Tenn. May 19, 2003).  The appellate court found that a restoration order cannot "negate[] the prohibition of Tenn. Code Ann. § 39-17-1307(b)," which makes it a criminal offense for anyone who has been convicted of a violent felony or a felony drug offense to possess a firearm. Id. at 667; see also Tenn. Op. Atty. Gen. No. 15-75, at *5 (2015) ("Firearms possession by persons who have been convicted of felonies involving the use or threatened use of firearms or other weapons, force, or violence remains prohibited notwithstanding the restoration of other civil rights. The same is true for felony drug offenders."). There is Tennessee law that may authorize some felony drug offenders to have their convictions expunged, which would restore firearm rights under state law, but that opportunity is limited to petitioners whose only convictions are for Tennessee crimes in Tennessee state court. Tenn. Code

7

Ann. § 40-32-101(g) (setting out criteria for expunction); Tenn. Op. Atty. Gen. No. 15-75, at *5 (2015) (opining that expunction would restore firearms rights). The Court is unaware, therefore, of any path under Tennessee law for Movant to have his right to possess firearms restored. If such a path exists, it clearly requires more than obtaining a routine Certificate of Restoration of his voting rights.

Finally – and critically – even assuming that a circuit court order could restore Movant's firearms rights under Tennessee law, that would not be enough to bring him into the federal safe harbor of 18 U.S.C. § 921(a)(20). The United States Court of Appeals for the Sixth Circuit has held that a Tennessee circuit court's restoration of "all civil and citizenship rights," including "the explicit right to bear and possess firearms," does not satisfy 18 U.S.C. § 921(a)(20). Walker v. U.S., 800 F.3d 720, 727 (6th Cir. 2015), cert. denied, 136 S. Ct. 2387 (2016) (holding that Tennessee's restoration procedure actually restores only one of the three civil rights required to satisfy the federal exception). In a statement directly applicable to Movant's case, the Sixth Circuit stated unequivocally that "[b]ecause [plaintiff] was convicted in federal court, the restoration of his rights under Tennessee law is not in itself enough." Id. at 722. Movant has not addressed Walker at all in his briefing, although it was raised by Respondent (Doc. No. 19, at 7) and is clearly binding precedent for this case. See Cooper v. MRM Inv. Co., 367 F.3d 493, 507 (6th Cir.2004) ("Under the law-of-the-circuit doctrine, only the Court [of Appeals] sitting en banc may overrule published circuit precedent, absent an intervening Supreme Court decision or a change in the applicable law").

Instead of addressing Walker, Movant urges that the outcome of this case is dictated by United States of America v. Albert H. Marlowe, No. 3:02-00141 (M.D. Tenn. Feb. 14, 2003), in which this Court dismissed federal felon-in-possession charges against a Tennessean who had

8

been convicted in state court of one count of extortion, served four years on community-based probation in a workhouse, and later obtained a form SS-3041 Certificate of Restoration. Id., Memorandum Opinion at 6. It was significant to the Court's analysis in Marlowe that the defendant "was sentenced to community-based alternative, not to the penitentiary." Id. at 20–21. The Court relied in part on Tenn. Op. Atty. Gen. No. 02-119 (2002), which, as discussed above, construed the law at that time to provide for restoration of firearms rights on the basis of a Certificate of Restoration only for felons who had not been sentenced to prison, and required a court order for those who had served prison sentences.[3] It was also significant that previous drug charges against Marlowe had been dismissed, and that the Court did not consider extortion to be a crime of violence, either of which would have made it illegal for him to possess a firearm under Tenn. Code Ann. § 39-17-1307(b). Marlowe at 5, 34–35. Thus, Movant's 15-month prison sentence and record of drug felonies make Marlowe inapplicable to his case, even if it is not completely abrogated by Walker.

For these reasons, it is clear that Movant's Certificate of Restoration does not make him actually innocent of the crimes for which he was convicted in 2015. Accordingly, Movant has failed to establish that his trial counsel was ineffective in connection with his plea, see Timmons v. Rapelje, No. 12-12336, 2013 WL 6048995, at *6 (E.D. Mich. Nov. 15, 2013) (holding that "defense counsel is not ineffective for failing to pursue a meritless position"), or that the government's prosecution of him was "obviously groundless," as required to prevail on his claim of prosecutorial misconduct. See United States v. Skeddle, 45 F. App'x 443, 446 (6th Cir. 2002)

---

[3] As noted above, four years after Marlowe was decided, the Tennessee legislature amended the statute providing the basis for this distinction, such that a court order is required for any felon to regain the right to seek or hold public office (and thereby the right to possess firearms as a matter of state law). Tenn. Code Ann. § 40-20-114(a) (2007).

(would be prosecutorial misconduct for government to take "obviously groundless positions in a prosecution").

## VI. Conclusion

For the reasons set forth herein, the Court concludes that Movant is not entitled to the relief sought. His motion will therefore be denied and this matter dismissed.

An appropriate Order is filed herewith.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE